P. H. LENHART, Assignee, Appellant; v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY et al., Respondents.

St. Louis Court of Appeals, April 23, 1895.

Principal and Agent: NOTICE TO AGENT. Notice to an agent is not notice to the principal, when it is given with the request that it should not be transmitted to the principal, and this request is complied with by the agent.

Appeal from the Greene Circuit Court.—HON. J. T. NEVILLE, Judge.

AFFIRMED.

Burgess &.Dorroch and Wright & Lovans for appellant.

No brief filed for respondents.

ROMBAUER, P. J.—One Roush was, in 1893, a conductor in the employ of the defendant corporation. The corporation had a rule providing for the discharge of any of its employees who assigned his wages by way of anticipation, or who permitted an attachment of his wages. Roush became indebted to one Kahn to the amount of $72, and Kahn assigned the claim to the

plaintiff, who instituted garnishment proceedings against the defendant corporation. Roush thereupon executed an assignment of his wages amounting to $78.75 to the plaintiff, and the plaintiff dismissed the garnishment proceedings. The plaintiff thereupon instituted the present suit against the defendant corporation upon the claim thus assigned. The cause was tried by the court without a jury, the trial resulting in a judgment for defendant. The plaintiff appeals, and assigns for error that the court should have rendered judgment in his favor on the uncontroverted facts, and also that the court erred in refusing an instruction asked by him.

Touching the facts above stated, there is no controversy. The only question upon the trial was, whether the defendant had notice of the assignment before it paid the money to Roush. On that question the plaintiff gave evidence tending to show the following facts: As soon as the assignment was made, he exhibited evidence of it to the defendant's local agent at Monett, who agreed to notify the defendant's accounting officers at once, and who did so notify them, which was prior to the payment of Roush's wages by the defendant to Roush. On the other hand, the defendant gave evidence tending to show that, when its agent was notified of the assignment, he informed the plaintiff's attorney that, if the defendant's accounting officers were notified of the assignment, it would prevent the reinstatement of Roush, and that thereupon it was agreed that the agent should not transmit notice of the assignment to the defendant's accounting officers, until he had received Roush's pay check, which, with the consent of Roush, he could turn over to the plaintiff. The defendant also gave evidence tending to show that, in pursuance of such agreement, the notice of assignment was never transmitted to the defendant's accounting officers. In the meantime the defendant was garnisheed as the

debtor of Roush in the state of Kansas, and declined to send a pay check for the wages of Roush to its agent at Monett, until such garnishment was released. Roush, thereupon, procured a release of the garnishment, but, instead of sending it to the defendant's accounting officers, reported with it in person at the defendant's main office, and, upon exhibiting the release, was paid his wages.

The plaintiff asked the following instruction, which the court refused.

"The court declares the law to be that, if it finds from the evidence that this assignment of the amount owing by the defendant to C. I. Roush was made to Isaac Kahn while said amount was owing by said Railway Company to C. I. Roush, and that the defendant Railway Company, *through its agent, A. R. Van Gieson*, had due notice of said assignment before the defendant paid said amount to said Roush, then the finding of the court should be for plaintiff to the amount owed him by such defendant at the date of said assignment." (The italics are ours.)

There was no error in the refusal of this instruction. It is an elementary proposition that notice to an agent is notice to the principal. We are, however, aware of no decision which goes to the extent of holding that notice to an agent, coupled with a request to transmit it to his principal, is notice to the latter, when such request is complied with. Such a holding would be the height of absurdity. The instruction is, therefore, erroneous in ignoring the defendant's evidence that, when the agent was notified, he was directed or requested not to transmit the notice, and complied with the request. "Through its agent, A. R. Van Gieson," may mean notice to the agent only. As there was substantial evidence of the fact that the notice was not sent

by Van Gieson to the defendant's accounting officers, the court was warranted in refusing the instruction; and, as the weight of such evidence was for the consideration of the trial court, we are not warranted in disturbing its finding. All the judges concurring, the judgment is affirmed.